UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| RICHARD ESCAMILLA,<br><br>        Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>        Defendant. | Case No. CV 13-06594 (AS)<br><br>**MEMORANDUM OPINION AND**<br><br>**ORDER OF REMAND** |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

On September 19, 2013, Plaintiff filed a Complaint seeking review of the Commissioner's denial of Plaintiff's application for disability insurance benefits and supplemental Social Security Income (Docket Entry No. 3). On January 31, 2014, Defendant filed an Answer and the Administrative Record ("AR"). (Docket Entry Nos. 14, 15). The parties have consented to proceed before a United States Magistrate Judge.

(Docket Entry Nos. 8, 11). On April 14, 2014, the parties filed a Joint Stipulation ("Joint Stip.") setting forth their respective positions regarding Plaintiff's claims. (Docket Entry No. 16).

The Court has taken this matter under submission without oral argument. See C.D. Local R. 7-15; "Order Re: Procedures in Social Security Case," filed September 20, 2013 (Docket Entry No. 7).

## BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On April 21, 2009, Plaintiff, a former assistant representative in a warehouse, filed applications for a period of disability or Disability Insurance Benefits and for Supplemental Social Security Income, alleging an inability to work since September 30, 2006. (See AR 108-18). On November 22, 2011, the Administrative Law Judge ("ALJ"), Dale A. Garwal, examined the record and heard testimony from Plaintiff and vocational expert Sharon Spaventa. (Id. 36-50). On January 23, 2012, the ALJ issued a decision denying Plaintiff's applications. The ALJ determined that from the date after the denial of Plaintiff's prior application for Disability Insurance Benefits (January 9, 2008) through the date last insured (September 30, 2012), Plaintiff had severe impairments -- diabetes, poorly controlled, cervical and thoracic degenerative disc disease, cervical spondylosis, hepatitis C, seizures, and depression -- but found that Plaintiff was not disabled within the meaning of the Social Security Act. (See AR 18-29).

Following the Appeals Council's denial of Plaintiff's request for a review of the hearing decision (see AR 1-4), Plaintiff filed this action in this Court.

///
///
///

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes four challenges to the ALJ's Decision. Plaintiff alleges the ALJ erred in: (1) refusing to consider medical evidence dating from before 2008 when Plaintiff's prior claim was denied; (2) discounting the marked functional limitations found by the psychological consultative examiner; (3) finding that Plaintiff was not fully credible; and (4) failing to fully and fairly develop the record by not sending Plaintiff to an orthopedic consultative examination. (See Joint Stip. at 2-10, 14-17, 25-27, 29).

**DISCUSSION**

After consideration of the record as a whole, the Court finds that Plaintiff's first claim of error has merit and warrants a remand for further consideration. Since the Court is remanding the matter based on Plaintiff's first claim of error, the Court will not address Plaintiff's second through fourth claims of error.

**A.   Failure to Consider Medical Records Prior to 2008**

Plaintiff asserts that the ALJ committed reversible error by refusing to consider medical evidence (specifically, records from Channel Islands Orthopedics) dating from before 2008 when Plaintiff's prior claim was denied. (See Joint Stip. at 3-7). Defendant asserts that the ALJ did consider such medical evidence. (See Joint Stip. at 5-6).

The ALJ found that, because the January 8, 2008 denial of Plaintiff's prior application for a period of disability or Disability Insurance Benefits (filed on October 30, 2007) alleged the same onset date of disability (September 30, 2006) as the present application and involved the same issues, facts, and time period as the present

application up to January 8, 2008, (see AR 65-68), the doctrine of res judicata required Plaintiff's present application for a period of disability and Disability Insurance Benefits to be denied through January 8, 2008. (See AR 20-21). Accordingly, the ALJ did not consider the medical evidence that pre-dated the January 8, 2008 denial of Plaintiff's prior application in deciding Plaintiff's subsequent application.

In the discussion concerning the evidence in the record, the ALJ made the following statements:

> The claimant has very minimal medical evidence to review and analyze *after* the date of res judicata of January 8, 2008, as detailed above. The bulk of claimant's medical records are derived from Channel Islands Orthopedics from October 2006 to April 2009. As previously discussed above, the undersigned finds that the claimant's prior filing is res judicata and is only examining information for the adjudicative period at issue from January 8, 2008 to the present. As such, some of the medical evidence from Channel Islands will not be discussed (*see* Exhibit 4F/36-93). (AR 24, italics in original).

Both Plaintiff and Defendant point out that the ALJ mentioned other medical records that pre-dated January 8, 2008 (see Joint Stip. at 4-5, citing to AR 25), but it is unclear whether such records were actually considered by the ALJ, based on the following statement of the ALJ: "The rem[a]inder of claimant's medical records are dated *before* the date of res judicata . . ., and are therefore <u>not controlling</u> during the adjudicative period at issue." (See AR 25, italics in original, underlining added for emphasis). In any event, contrary to Defendant's assertion (see Joint Stip. at 5), it is clear the ALJ did not consider the Channel Islands Orthopedics records that pre-dated January 8, 2008.

4

Based on the Court's review, those records, which are dated from October 6, 2006 to December 12, 2007 (relatively near in time to January 8, 2008), appear to be relevant to Plaintiff's medical issues (i.e., cervical spondylosis, cervical and thoracic degenerative disc disease, depression) as well as Plaintiff's pain. (See AR 230-87).

**B.    Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where, as here, the circumstances of the case suggest that further administrative review could remedy the ALJ's errors, remand is appropriate. McLeod, 640 F.3d at 888; Harman, 211 F.3d at 1179-81 (where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate).

Since the ALJ failed to review all of the evidence in the record relevant to Plaintiff's claim, see 20 C.F.R. §§ 404.1520b, 416.920b, and it is unclear whether the ALJ considered other medical records that pre-dated January 8, 2008, remand is appropriate. Because outstanding issues must be resolved before a determination of disability can be made, and "when the record as a whole creates serious doubt as to whether the [Plaintiff] is, in fact, disabled within the meaning of Social Security Act," further administrative proceedings would serve a useful purpose

and remedy defects. Burrell v. Colvin, 2014 WL 7398892 *6 (9th Cir. Dec. 31, 2014)(citations omitted).[1]

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 29, 2015

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. "[E]valuation of the record as a whole creates serious doubt that Plaintiff is in fact disabled." See Garrison v. Colvin, 759 F.3d at 1021. Accordingly, the Court declines to rule on Plaintiff's claims regarding whether the ALJ erred in discounting the marked functional limitations found by the psychological consultative examiner, finding that Plaintiff was not fully credible and failing to have an orthopedic consultative examination of Plaintiff. Because this matter is being remanded for further consideration, these issues should also be considered on remand.